UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHY EL-KALLAB,
an individual,                                                                  Case No.:

        Plaintiff,

v.

FIFTH THRID BANK,
a foreign for-profit corporation,

        Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, CATHY EL-KALLAB (hereinafter, "Plaintiff"), by and through her undersigned counsel, and sues Defendant, FIFTH THIRD BANK (hereinafter, "Defendant"). In support thereof, Plaintiff states:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2. Venue in this District is proper because Defendant transacts business in this District and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendant, complained of below, occurred in Pinellas County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida and is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2).

5. Defendant is a foreign for-profit corporation existing under the laws of the State of Ohio, that, itself and through its subsidiaries, regularly extends credit cards to consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number 727.421.4388 (hereinafter, "Cellular Telephone").

7. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(3).

8. At all material times herein, Defendant attempts to collect a debt, specifically a consumer credit card referenced by Defendant's account number ending in -1023 (hereinafter, "Debt").

9. At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

10. At all material times, the Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

12. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14. On or about August 21, 2013, Plaintiff retained Leavengood, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") with regard to her debts generally, including the Debt.

15. On or about November 26, 2013, at approximately 9:25 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

16. The immediately-aforementioned call was placed from telephone number 613-05 and was made in an attempt to collect the Debt.

17. During the above-referenced call, Plaintiff spoke with Defendant's employee or representative "Diane," at which time Plaintiff advised of Undersigned Counsel's representation of Plaintiff with regard to the Debt, provided Undersigned Counsel's contact information, and advised that all future communication with regard to the Debt must cease with Plaintiff and should be directed to Undersigned Counsel's office.

18. At no time herein did Defendant have Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

19. To the extent that Defendant contends it possessed Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, such prior express consent was revoked by operation of law when Plaintiff advised of Undersigned Counsel's representation of Plaintiff with regard to the Debt and provided Undersigned

Counsel's contact information.[1]

20. Furthermore, such consent was further revoked when Plaintiff advised Defendant that all future communication with regard to the Debt must cease with Plaintiff and should be directed to Undersigned Counsel's office.

21. All of the below-referenced communications from Defendant were placed despite Defendant lacking Plaintiff's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, or an APV, despite Defendant having actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, despite Defendant possessing Undersigned Counsel's contact information, and despite Defendant having been advised that all future communication with regard to the Debt must cease with Plaintiff and should be directed to Undersigned Counsel's office.

22. On or about December 2, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

23. The immediately-aforementioned call was placed from telephone number 855.488.8681 and was made in an attempt to collect the Debt.

24. During the above-referenced call, Defendant left a voicemail message on Plaintiff's Cellular Telephone using an ATDS or PTDS, in which Defendant identified Defendant and requested Plaintiff return the call.

25. On or about December 6, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

26. The immediately-aforementioned call was placed from telephone number 855.488.8681 and was made in an attempt to collect the Debt.

---

[1] *See* Florida Statutes, Section 559.72(18), "In collecting consumer debts, no person shall…Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."

27. During the above-referenced call, Defendant left a voicemail message on Plaintiff's Cellular Telephone using an ATDS or PTDS, in which Defendant identified Defendant and requested Plaintiff return the call.

28. On or about December 12, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

29. The immediately-aforementioned call was placed from telephone number 855.488.8681 and was made in an attempt to collect the Debt.

30. During the above-referenced call, Defendant left a voicemail message on Plaintiff's Cellular Telephone using an ATDS or PTDS, in which Defendant identified Defendant and requested Plaintiff return the call.

31. On or about December 20, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

32. The immediately-aforementioned call was placed from telephone number 855.488.8681 and was made in an attempt to collect the Debt.

33. During the above-referenced call, Defendant left a voicemail message on Plaintiff's Cellular Telephone using an ATDS or PTDS, in which Defendant identified Defendant and requested Plaintiff return the call.

34. On or about December 20, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

35. The immediately-aforementioned call was placed from telephone number 613-05 and was made in an attempt to collect the Debt.

36. On or about December 23, 2013, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

37. The immediately-aforementioned calls were placed from telephone number

855.488.8681 and were made in an attempt to collect the Debt.

38. During the above-referenced calls, Defendant left two (2) voicemail messages on Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, in which Defendant identified Defendant and requested Plaintiff return the call.

39. On or about December 26, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

40. The immediately-aforementioned call was placed from telephone number 613-05 and was made in an attempt to collect the Debt.

41. On or about December 27, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

42. The immediately-aforementioned call was placed from telephone number 855.488.8681 and was made in an attempt to collect the Debt.

43. On or about December 28, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

44. The immediately-aforementioned call was placed from telephone number 855.488.8681 and was made in an attempt to collect the Debt.

45. On or about December 30, 2013, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

46. The immediately-aforementioned calls were placed from telephone number 855.488.8681 and were made in an attempt to collect the Debt.

47. On or about December 31, 2013, Defendant called Plaintiff's Cellular Telephone three (3) times using an ATDS, a PTDS, or an APV.

48. The immediately-aforementioned calls were placed from telephone number 855.488.8681 and were made in an attempt to collect the Debt.

49. On or about January 2, 2014, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

50. The immediately-aforementioned calls were placed from telephone number 855.488.8681 and were made in an attempt to collect the Debt.

51. During one of the above-referenced calls, Defendant left a voicemail message on Plaintiff's Cellular Telephone, in which Defendant identified Defendant requested Plaintiff return the call.

52. On or about January 3, 2014, Defendant called Plaintiff's Cellular Telephone three (3) times using an ATDS, a PTDS, or an APV.

53. The immediately-aforementioned calls were placed from telephone number 613-05 and 613-34, and were made in an attempt to collect the Debt.

54. On or about January 4, 2014, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

55. The immediately-aforementioned calls were placed from telephone number 855.488.8681 and 613-34, and were made in an attempt to collect the Debt.

56. During one of the above-referenced calls, Defendant left a voicemail message on Plaintiff's Cellular Telephone, in which Defendant identified Defendant and requested Plaintiff return the call.

57. On or about January 6, 2014, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

58. The immediately-aforementioned calls were placed from telephone number 855.488.8681 and 613-05 and were made in an attempt to collect the Debt.

59. On or about January 7, 2014, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

60. The immediately-aforementioned calls were placed from telephone number 613-05 and were made in an attempt to collect the Debt.

61. On or about January 8, 2014, Defendant sent Plaintiff a letter in an attempt to collect the Debt. Please see attached a true and correct copy of said letter labeled as Exhibit "A."

62. On or about January 8, 2014, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

63. The immediately-aforementioned calls were placed from telephone number 855.488.8681 and were made in an attempt to collect the Debt.

64. On or about January 9, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

65. The immediately-aforementioned call was placed from telephone number 855.488.8681 and was made in an attempt to collect the Debt.

66. On or about January 10, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

67. The immediately-aforementioned call was placed from telephone number 855.488.8681 and was made in an attempt to collect the Debt.

68. On or about January 13, 2014, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

69. The immediately-aforementioned calls were placed from telephone number 855.488.8681 and were made in an attempt to collect the Debt.

70. On or about January 14, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

71. The immediately-aforementioned call was placed from telephone number 855.488.8681 and was made in an attempt to collect the Debt.

72. On or about January 21, 2014, Defendant sent Plaintiff a letter in an attempt to collect the Debt. Please see attached a true and correct copy of said letter labeled as Exhibit "B."

73. On or about January 23, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

74. The immediately-aforementioned call was placed from telephone number 613-05 and was made in an attempt to collect the Debt.

75. During the above-referenced call, Plaintiff spoke with Defendant's employee or representative "Jelyse," at which time Plaintiff again advised of Undersigned Counsel's representation of Plaintiff with regard to the Debt, again provided Undersigned Counsel's contact information, and again advised that all future communication with regard to the Debt must cease with Plaintiff and be directed to Undersigned Counsel's office.

76. On or about January 23, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

77. The immediately-aforementioned call was placed from telephone number 866.450.0037 and was made in an attempt to collect the Debt.

78. During the above-referenced call, Plaintiff spoke with Defendant's employee or representative "Nick," at which time Plaintiff again advised of Undersigned Counsel's representation of Plaintiff with regard to the Debt, again provided Undersigned Counsel's contact information, and again advised that all future communication with regard to the Debt must cease with Plaintiff and be directed to Undersigned Counsel's office.

79. As a direct result of Defendant's actions, Plaintiff has suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep—believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective—and that the frequent, repeated Debt collection attempts would simply have to be endured.

80. Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) of each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA and the TCPA. Further, the Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

81. Upon information and belief, Defendant has engaged in a pattern and practice of unlawful debt collection by repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, without having prior express consent to do so, or after said prior express consent has been revoked.

82. Defendant undertakes this practice despite being repeatedly advised by Plaintiff that Undersigned Counsel represented Plaintiffs with regard to the Debt and despite Plaintiff's clear and repeated demands that all future communication with regard to the Debt must cease with Plaintiffs instead be directed to Undersigned Counsel's office.

83. Defendant willfully, knowingly and repeatedly undertakes this practice to increase revenue and profitability at the direct expense of consumers' rights, livelihoods, and privacy.

84. Defendant undertakes such practice, not only repeatedly with regard to a single individual consumer over time, but repeatedly and consistently undertakes this practice entity-wide, with respect to many different individual consumers.

85. Based on this pattern and practice, this Court should grant significant and substantial punitive damages sufficient enough to prevent Defendant from continuing this pattern and practice and to deter their future conduct in the Middle District of Florida.

86. Plaintiff alleges that the imposition of a substantial punitive damage award is required in order to force Defendant to comply with well-established federal and state debt collection and privacy laws.

87. Despite having repeatedly advised Defendant of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant continues to attempt to collect the Debt directly from Plaintiff in violation of the FCCPA and the TCPA.

88. Defendant's conduct, as described above, is a knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under federal and state law.

89. Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

90. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent, temporally-displaced violation committed by Defendant, plus actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

91. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

92. Additionally, United States Code, Title 47, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiff's Cellular Telephones in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

93. At all times herein, it would have been possible for Defendant to avoid violating

the TCPA.

94. Based upon the aforementioned allegations, Defendants' telephone calls to Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV, were made in willful and knowing violation of the TCPA.

95. As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through ninety-five (95) as if fully restated herein and further states as follows:

96. Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

97. At all material times herein, Defendant possessed actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, possessed Undersigned Counsel's contact information, and had been advised that all future communication with regard to the Debt must cease with Plaintiff and be directed to Undersigned Counsel's office.

98. Further, Defendant either completely lacked Plaintiff's prior express consent—or such consent was revoked—to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

99. Despite having the above referenced knowledge and lacking Plaintiff's prior express consent, Defendant sent Plaintiff two (2) letters and placed *at least* thirty-five (35) calls

to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempts to collect the Debt.

100. Defendant intended for Plaintiff to believe that, despite Plaintiff invoking her consumer rights and retaining legal counsel with regard to the Debt, and despite Defendant lacking Plaintiff's prior express consent, Defendant could and would continue its unlawful collection attempts until the Debt was paid.

101. As such, Defendant's actions constitute abusive and harassing conduct in violation of Florida Statutes, Section 559.72(7).

102. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

103. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through ninety-five (95) as if fully restated herein and further states as follows:

104. Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiff after being given actual notice that Plaintiff was represented by counsel with regard to the underlying Debt.

105. Defendant possessed actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt and possessed Undersigned Counsel's contact information.

106. Despite having the above-referenced knowledge, Defendant sent Plaintiff two (2) letters and placed *at least* thirty-five (35) calls to Plaintiff's Cellular Telephone in its attempts to collect the Debt.

107. As such, Defendant has violated Florida Statutes, Section 559.72(18) by communicating with Plaintiff, a known represented party, in its attempts to collect the Debt.

108. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through ninety-five (95) as if fully restated herein and further states as follows:

109. Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or an APV to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

110. At no time did Defendant have Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

111. If Defendant contends it possessed Plaintiff's prior express consent, such consent was revoked by operation of law when Plaintiff advised Defendants of Undersigned Counsel's representation of Plaintiff with regard to the Debt and provided Undersigned Counsel's contact information.

112. Additionally, such prior express consent was further revoked when Plaintiff advised Defendant that all future communication with regard to the Debt must cease with Plaintiff and be directed to Undersigned Counsel's office.

113. Despite lacking Plaintiff's prior express consent, Defendant placed *at least* thirty-

five (35) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

114. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

(a) The periodic loss of her Cellular Telephone service;

(b) Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under her Cellular Telephone service contract;

(c) The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

(d) Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated, willful, and knowing calls placed in violation of the TCPA; and

(e) Statutory damages.

**COUNT FOUR:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through ninety-five (95) as if fully restated herein and further states as follows:

115. Defendant is subject to, and has willfully and knowingly violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an ATDS, PTDS, or an APV to call Plaintiff's Cellular Telephone without Plaintiff's prior express consent.

116. Specifically, as enumerated above, Defendant used an ATDS, a PTDS, or an APV to call Plaintiff's Cellular Telephone *at least* thirty-five (35) times without Plaintiff's prior express consent.

117. As prior express consent never existed or was revoked prior to Defendant's placement of calls to Plaintiff's Cellular Telephones, and Defendant being fully aware of the

TCPA and its restrictions, Defendant's calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

118. As such, each of Defendant's calls made to Plaintiff's Cellular Telephone using an ATDS, PTDS, or an APV were knowingly, willfully, and consciously made in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests an entry of:

a) Judgment against Defendant for maximum statutory damages under the FCCPA, per independent, temporally-displaced violation committed by Defendant;

b) Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's calls to Plaintiff's Cellular Telephone that violated the TCPA;

c) Judgment against Defendant for treble damages in the amount of $1,500.00 for each of Defendant's calls to Plaintiff's Cellular Telephone that violated the TCPA for which Defendant acted knowingly and/or willfully;

d) Judgment against Defendant for actual damages sustained in an amount to be determined at trial;

e) Judgment against Defendant for punitive damages in an amount to be determined at trial;

f) An award of attorney's fees and costs; and

g) Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data— pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 0093088**
**G. Tyler Bannon, Esq., FBN 0105718**
**Gregory H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA          )
                          )
COUNTY OF Pinellas        )

Plaintiff Cathy El-Kallab, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Cathy El-Kallab

Subscribed and sworn to before me
this 1st day of August, 2014.

_____
Notary Public

My Commission Expires:

K M BOORE
Notary Public - State of Florida
My Comm. Expires Jan 14, 2018
Commission # FF 083396

Proof of I.D.: Florida DL

18